The Honorable William H. Townsend State Representative 1304 Wright Avenue Little Rock, Arkansas 72206
Dear Representative Townsend:
This is in response to your request for an opinion concerning Act 99 of 1989. Specifically, you inquire as to the role and responsibility of the State Board of Higher Education in monitoring and implementing the provisions of the act.
Act 99 of 1989 (codified now at A.C.A. 6-63-103 (Supp. 1989)) requires each state supported college and university to prepare an affirmative action program for the recruitment of blacks and other minorities for faculty and staff positions and for the enrollment of students. The act requires a five-year affirmative action plan, and an annual report detailing the steps taken to achieve the plan and the progress of the plan to date. The act requires in subsection (c) that copies of the annual report be provided to the Governor, the Department of Higher Education, the President and Board of Trustees of the institution, the Board of Visitors of the institution, if applicable, and the Joint Interim Committee on Education of the General Assembly. Finally, the act provides for the hiring of either a part-time or full-time employee to assist the institution in achieving the goals of the plan.
It should be noted that the State Board of Higher Education is not mentioned in the act as having any "role" in the monitoring or implementation of the plans adopted by the various institutions. The State Board of Higher Education, however, is a part of the Department of Higher Education, (A.C.A. 25-7-101 (c)), and as such is to receive a copy of each annual report submitted. It appears from the language of the act, however, that the entities entitled to receive a copy of each annual report are not given any additional "role" in the monitoring or implementing of the affirmative action plans.
With this in mind, we must look to the general powers of the State Board of Higher Education to determine whether any of those enumerated powers would include the power to assume some "role" in the monitoring and implementing of the adopted affirmative action plans. The powers of the State Board of Higher Education are set out in A.C.A. 6-61-201 et seq. None of the enumerated powers specifically give the Board authority to monitor institutional affirmative action programs. The Board, however, does have broad powers enumerated in the subchapter. Section 6-61-202 provides in pertinent part as follows:
 (a) In order to promote a coordinated system of higher education in Arkansas and to assure an orderly and effective development of each of the publicly supported institutions of higher education, the board shall have the following powers and duties:
 (1) Along with its director, to be responsible, within fiscal and staff capabilities, for directing an integrated program for defining, popularizing, and securing acceptance of the major goals and objectives of higher education in Arkansas and for relating them to the state's various problems.
 (2) To request and receive any information from the publicly supported institutions of higher education as the board deems necessary for the performance of its duties.
 (3) To promulgate and adopt uniform definitions and forms in such matters as financial reporting, academic statistics, and resident status of students for use in making financial recommendations and standard enrollment data to be followed by the institutions of higher education. Additional powers and duties are set out in other provisions of the subchapter. These powers include the power to establish advisory committees as may be deemed necessary for the effective development and coordination of higher education, (A.C.A. 6-61-204), and the power to engage in continuous "master planning", (A.C.A. 6-61-205), and the power to make studies, surveys and evaluations it deems necessary, (A.C.A. 6-61-206). Although these powers are very broad, they do not seem to include the specific power to monitor and implement affirmative action programs required by law.[1]
It could be argued, however, that the Board is authorized to exert some authority over these plans as long as it does so in conformity with its enumerated powers. For example, it is clear, in my opinion, that if the Board were to set up an advisory committee on affirmative action programs at state institutions of higher education, it would have authority to do so. Section6-61-204 gives the Board authority to set up advisory committees as it deems necessary for development and coordination of higher education. Additionally, the Board has the authority to engage in "master planning". If the Board includes affirmative action goals or guidelines in its "master planning" activity, it most likely would be acting within the scope of its enumerated powers. It may also be concluded that the Board is authorized to make studies and evaluations of the affirmative action plans and their effect under A.C.A. 6-61-206.
It must be concluded, however, that the Board is not, under Act 99 itself, given any role in implementing or monitoring the plans required by the act. It is my opinion that if the Board wishes to have a role in the administration of these plans, it must do so pursuant to its existing powers as set out in A.C.A. 6-61-201 et seq. Absent an amendment to Act 99 granting the Board specific authority in this regard, the statutes compel this conclusion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It should be noted that two other provisions, A.C.A. 6-61-207
and 6-61-214, entitled respectively "Review of Programs" and "Personnel Policies and Administration" may have provided some authority for the Board's exercise of power in this area. The provisions, however, have been substantially amended by Act 379 of 1989, and are no longer, in my opinion, relevant to the question.